1  **HOWARD A. KROLL, CA Bar No. 100981**
   howard.kroll@cph.com
2  **CHRISTIE, PARKER & HALE, LLP**
   **350 West Colorado Boulevard, Suite 500**
3  **Post Office Box 7068**
   **Pasadena, California 91109-7068**
4  **Telephone: (626) 795-9900**
   **Facsimile: (626) 577-8800**



FILED
CLERK, U.S. DISTRICT COURT

FEB 2 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

6  Attorneys for Plaintiff,
   TACORI ENTERPRISES

8  ### UNITED STATES DISTRICT COURT

9  ### CENTRAL DISTRICT OF CALIFORNIA

10 TACORI ENTERPRISES,                 Case No.    CV11  01565CAS (AGRx)

11              Plaintiff,             **COMPLAINT FOR COPYRIGHT**
                                       **INFRINGEMENT, TRADEMARK**
12     vs.                             **INFRINGEMENT, TRADE**
                                       **DRESS INFRINGEMENT, AND**
13 SCOTT KAY, INC.,                    **UNFAIR COMPETITION;**
                                       **DEMAND FOR TRIAL BY JURY**
14              Defendant.

17     Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys,

18 Christie, Parker & Hale, LLP, files its complaint against Scott Kay, Inc.

19 ("Defendant") for injunctive relief and damages as follows:

20             **Subject Matter Jurisdiction and Venue**

21     1.     This case is a civil action arising under the Trademark and Copyright

22 Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et*

23 *seq.*, respectively.  This Court has subject matter jurisdiction over the claims in

24 this Complaint which relate to copyright infringement and trade dress

25 infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§

26 1331 and 1338(a).

27     2.     This Court has supplemental jurisdiction over the claims in this

28 Complaint that arise under state statutory and common law of the State of

California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

**Parties and Personal Jurisdiction**

4.     Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5.     Defendant Scott Kay Inc., upon information and belief, has its principal place of business at 780 Palisade Ave., Teaneck, New Jersey 07666. This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Central District of California. Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.  This Court also has personal jurisdiction over Defendant because Defendant operates its Internet website, available at http://www.scottkay.com or http://scottkay.com, which is directed to and accessible by consumers within this Judicial District and which lists Defendant's authorized jewelers within this Judicial District.  Further, this Court has personal jurisdiction over Defendant because Defendant has threatened and is causing actual harm to Plaintiff, Defendant's actions are aimed at Plaintiff, and the brunt of the harm Defendant knew would be suffered by Plaintiff within this Judicial District

CHRISTIE, PARKER & HALE, LLP

**The Business of Plaintiff Tacori Enterprises**

6.     For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry.  Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

7.     Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry").  Photographs of the Tacori Crescent Jewelry are attached to this Complaint as Exhibit A.  Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

8.     At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the Tacori Crescent Jewelry.  Each piece of the Tacori Crescent Jewelry is an original work copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act.

9.     Tacori has received Certificates of Registration and Supplemental Registrations from the Register of Copyrights for the Tacori Crescent Jewelry.  A list of the Copyright Registrations for the Tacori Crescent Jewelry is attached to this Complaint as Exhibit B.

10.     Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

11.     Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

12.     Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

CHRISTIE, PARKER & HALE, LLP

13.     Since the introduction of its first distinctive Tacori Crescent Jewelry, Tacori has introduced additional rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Crescent Trade Dress."  The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as ". . . the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other.  Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other.  A space is created between the contiguous semi-circles or arcs."  Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425.   A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit C.

14.     Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Reverse Crescent Trade Dress."  The Tacori Reverse Crescent Trade Dress, as it applies to rings and some pieces of jewelry, consists of the appearance of two generally concentric ring portions, with one ring portion having a larger diameter than the other ring portion.   Located between the two generally concentric ring portions are at least two semicircular, arched, or crescent-shaped openings that appear to be adjacent to each other and are oriented with their apexes closer to the larger diameter ring portion.   Located between each semicircular, arched, or crescent-shaped opening is a stone.  Examples of jewelry containing the Tacori Reverse Crescent Trade Dress is attached to this Complaint as Exhibit D.

15.     Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry featuring the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress.   For example, Tacori's custom designed platinum and diamond wedding bands with the Tacori Crescent Trade Dress were featured on

-4-

the Today Show and received the popular vote from over 59,000 viewers choosing the wedding bands for a winning couple.  Tacori's custom designs have also been featured on Extra, and various seasons of The Bachelorette and the The Bachelor.

16.    Tacori advertises its Tacori Crescent Trade Dress and Tacori Reverse Crescent Trade Dress jewelry designs in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, InStyle-Wedding, Marie Claire, Martha Stewart Wedding, Modern Bride, Robb Report, Town & Country, Vogue, and W.  Furthermore, Tacori advertises its products, particularly those with the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress in trade publications and over the World Wide Web through its website www.tacori.com.

17.    The Tacori Crescent Jewelry bearing the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress has been sold to retail stores throughout the United States.  These retail stores display and offer for sale the Tacori Crescent Jewelry with the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress to the general public.

18.    The Tacori Crescent Jewelry featuring the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress has had outstanding commercial success.  As a result, jewelers and the public recognize the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

### The Business of Defendant Scott Kay Inc.

19.    Tacori is informed and believes, and on that basis alleges, that Defendant is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

CHRISTIE, PARKER & HALE, LLP

1      20.    Defendant sells or has sold jewelry under the trade name Scott Kay

2  Inc.

3      21.    Plaintiff is informed and believes, and on that basis alleges, that

4  Defendant operates its jewelry business in direct competition with Plaintiff's

5  jewelry business.

6      22.    Plaintiff is informed and believes, and on that basis alleges, that

7  Defendant sells its jewelry to, and actively solicits and seeks as customers, the

8  same jewelers and retailers as Plaintiff.

9      23.    Plaintiff is informed and believes, and on that basis alleges, that

10  Defendant sells its jewelry to, and actively solicits and seeks as customers, the

11  same consumers as Plaintiff.

12      24.    Plaintiff is informed and believes, and on that basis alleges, that

13  Defendant sells its jewelry to jewelers, retailers, and consumers within this

14  Judicial District, and specifically markets its jewelry within this Judicial District.

15      25.    Defendant has been aware of Tacori and its jewelry since at least

16  2005.  In 2005, Tacori filed a complaint against Defendant in the United States

17  District Court for the Central District of California for cybersquatting, trademark

18  infringement and unfair competition because Defendant improperly and

19  unlawfully registered the domain name tacoriplatinum.com.  *Tacori Enterprises*

20  *v. Scott Kay, Inc., et al.,* Case No. CV05-1388 RSWL (Mcx).  Visitors to the

21  tacoriplatinum.com domain name were redirected to Defendant's website at

22  scottkay.com.  The parties entered into a confidential settlement agreement to

23  resolve this lawsuit and Tacori now owns the tacoriplatinum.com domain name.

24      26.    Tacori has not authorized Defendant to copy, reproduce,

25  manufacture, duplicate, disseminate, or distribute the Tacori Crescent Jewelry or

26  jewelry with a design that is substantially similar to the Tacori Crescent Jewelry.

27      27.    Tacori has not authorized Defendant to copy, reproduce,

28  manufacture, duplicate, disseminate, or distribute jewelry with a design that is

CHRISTIE, PARKER & HALE, LLP

confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress.

28. Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry.

29. Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress.

30. Tacori is informed and believes, and on that basis alleges, that Defendant has sold or offered to sell unauthorized and infringing copies of the Tacori Crescent Jewelry, which bear designs that are confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress, wholesale and through retailers.

31. Currently, Defendant is manufacturing, advertising and selling rings that are substantially similar to the Tacori Crescent Jewelry and confusingly similar to the Tacori Reverse Crescent Trade Dress. For example, Defendant is advertising and selling several rings in its new bridal line, the Heaven's Gate collection. Pictures of these unauthorized and infringing copies of the Tacori Crescent Jewelry and the Tacori Reverse Crescent Trade Dress are attached to this Complaint as Exhibit E.

**First Cause of Action**

(Copyright Infringement)

32. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 31 of this Complaint as though fully set forth.

33. Defendant's acts constitute infringement of Tacori's copyrights in the Tacori Crescent Jewelry in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

34.    For example, Defendant's engagement rings, Ring Style Nos. M1820R510* and M1821R510*, from Defendant's Heaven's Gate collection are substantially similar to Tacori's copyrighted ring design HT 2510 (Copyright Registration No. VA-1-649-453).

 

**M1820R510***                    **HT 2510**

 

**M1821R510***                    **HT 2510**

CHRISTIE, PARKER & HALE, LLP

35.   For further example, Defendant's wedding bands, Ring Style Nos. B1820R510* and B1820R710*, from Defendant's Heaven's Gate collection are substantially similar to Tacori's copyrighted ring design HT 2511 (Copyright Registration No. VA-1-301-902).



**B1820R510***



**HT 2511**



**B1820R710***

**HT 2511**

CHRISTIE, PARKER & HALE, LLP

36.   In addition, Defendant's engagement ring, Ring Style No. M1823R510*, from Defendant's Heaven's Gate collection is substantially similar to Tacori's copyrighted ring design HT 2515 RD 8 1/2 X (Copyright Registration No. VA-1-749-235).

  

**M1823R510***                    **HT 2515 RD 8 1/2 X**

37.   Tacori is informed and believes that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry was deliberate, willful, malicious, oppressive, and without regard to Tacori's proprietary rights.

38.   Defendant's copyright infringement has caused, and will continue to cause Tacori to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in the Tacori Crescent Jewelry and further, has damaged Tacori's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined.  In addition, Tacori is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Tacori is entitled to recover statutory damages, on

-10-

1   election by Tacori, in an amount of up to $150,000 for each copyrighted work

2   sold, offered for sale or distributed.

3       39.     Defendant's copyright infringement, and the threat of continuing

4   infringement has caused, and will continue to cause Tacori repeated and

5   irreparable injury.   It would be difficult to ascertain the amount of money

6   damages that would afford Tacori adequate relief at law for Defendant's acts and

7   continuing acts.   Tacori's remedy at law is not adequate to compensate it for the

8   injuries already inflicted and further threatened by Defendant.   Therefore, Tacori

9   is entitled to temporary, preliminary and permanent injunctive relief pursuant to

10  17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a)

11  that the infringing copies of the Tacori Crescent Jewelry, and all molds by which

12  such infringing copies were produced, be seized, impounded and destroyed.

13      40.     Tacori is also entitled to recover its attorneys' fees and cost of suit

14  pursuant to 17 U.S.C. § 505.

**Second Cause of Action**

(Trademark Infringement Under 15 U.S.C. § 1114(1))

17      41.     Tacori realleges and incorporates by reference each of the allegations

18  contained in Paragraphs 1 through 40 of this Complaint as though fully set forth

19  here.

20      42.     Defendant's use in commerce of Tacori's federally registered

21  trademark in the Tacori Crescent Trade Dress is likely to cause confusion,

22  mistake, or to deceive.

23      43.     The above-described acts of Defendant constitute trademark

24  infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

25      44.     Defendant has unfairly profited from the trademark infringement

26  alleged.

27      45.     By reason of Defendant's acts of trademark infringement, Tacori has

28  suffered damage to the goodwill associated with the Tacori Crescent Trade Dress.

CHRISTIE, PARKER & HALE, LLP

46.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademark.

47.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

48.     By reason of Defendant's acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.   Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49.     By reason of Defendant's willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

50.     This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action

(Trade Dress Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

51.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 50 of this Complaint as though fully set forth.

52.     Tacori's jewelry incorporating the Tacori Reverse Crescent Trade Dress has a unique and distinctive design which designates a single source of origin.

53.     Defendant's use in commerce of the Tacori Reverse Crescent Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Tacori.

-12-

54.   The above-described acts of Defendant constitute trade dress infringement of the Tacori Reverse Crescent Look and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

55.   Tacori is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

56.   Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

57.   By reason of the above-described acts of Defendant, Tacori has suffered and will continue to suffer damage to the goodwill associated with the Tacori Reverse Crescent Trade Dress.

58.   The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the Tacori Reverse Crescent Trade Dress.

59.   The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

60.   By reason of the above-described acts of Defendant, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

61.   Because the above-described acts of Defendant were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

62.   This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

CHRISTIE, PARKER & HALE, LLP

**Fourth Cause of Action**

(Violation of California Unfair Competition Law)

63.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 62 of this Complaint as though fully set forth.

64.     Tacori is informed and believes, and on that basis alleges, that Defendant is in direct competition with Tacori.

65.     Defendant has infringed Tacori's trade dress rights and sold infringing products in violation of Tacori's proprietary rights.   Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

66.     Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Tacori all profits and property acquired by means of Defendant's unfair competition with Tacori.

67.     Due to the conduct of the Defendant, Tacori has suffered and will continue to suffer irreparable harm.  It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts.  Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.   Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

68.     Tacori is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

-14-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Prayer for Relief**

**Therefore**, Tacori respectfully requests judgment as follows:

1.    That the Court enter a judgment against Defendant that Defendant has:

       (a)    infringed the trade dress rights of Tacori in its "Tacori Reverse Crescent Trade Dress" in violation of 15 U.S.C. § 1125;

       (b)    infringed the rights of Tacori in its federally registered trademark in its "Tacori Crescent Trade Dress" in violation of 15 U.S.C. § 1114;

       (c)    infringed the rights of Tacori in Tacori's federally registered copyrights under 17 U.S.C. § 501; and

       (d)    competed unfairly with Tacori at common-law and in violation of California Business and Professions Code § 17200.

2.    That each of the above acts were willful.

3.    That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

       (a)    manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress, or that is substantially similar to the Tacori Crescent Jewelry;

       (b)    destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture,

-15-

duplication, distribution, or advertisement of any such jewelry; and;

(c)   engaging in any other activity constituting an infringement of Tacori's trade dress rights in the "Tacori Crescent Trade Dress," and the "Tacori Reverse Crescent Trade Dress," or Tacori's copyrights in the Tacori Crescent Jewelry.

4.   That Tacori be awarded damages for Defendant's trademark and trade dress infringement, and unfair competition.

5.   That Tacori be awarded Defendant's profits resulting from its infringement of Tacori's trademark and trade dress rights.

6.   That Defendant be ordered to account for and disgorge to Tacori all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7.   That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.   That Tacori be awarded damages for Defendant's copyright infringement either:  (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Tacori's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9.   That Tacori be awarded all profits and property acquired by means of Defendant's unfair competition with Tacori.

10.   That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

CHRISTIE, PARKER & HALE, LLP

1     11.    That the Court issue a Permanent Injunction enjoining and
restraining Defendant and its respective agents, servants, employees, successors
and assigns, and all other persons acting in concert with or in conspiracy with or
affiliated with Defendant, from copying, reproducing, manufacturing, duplicating,
disseminating, distributing, or using Tacori's trade dress rights in the "Tacori
Crescent Trade Dress," the "Tacori Reverse Crescent Trade Dress," or infringing
copies of the Tacori Crescent Jewelry.

12.    That the Court issue an Order at the conclusion of the present matter
that the jewelry infringing Tacori's trade dress and all infringing copies of the
Tacori Crescent Jewelry, and all molds by which such infringing jewelry was
produced, be seized, impounded and destroyed.

13.    That the Court award Tacori its reasonable attorneys' fees pursuant
to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

14.    That the Court award Tacori its costs of suit incurred herein.

15.    That Tacori be awarded such other relief as may be appropriate.


DATED:  February 22, 2011          Respectfully submitted,

                                   CHRISTIE, PARKER & HALE, LLP

                                   By
                                       Howard A. Kroll
                                       Attorneys for Plaintiff,
                                       TACORI ENTERPRISES

CHRISTIE, PARKER & HALE, LLP

1

## DEMAND FOR TRIAL BY JURY

2

3        Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all

4    issues so triable in this case.

5

6    DATED:  February 22, 2011          Respectfully submitted,

7

8                                        CHRISTIE, PARKER & HALE, LLP

9

10   By

11                                        Howard A. Kroll
                                         Attorneys for Plaintiff,
                                         TACORI ENTERPRISES

12

13

14

15

16   SCL PAS942484.1-*-02/18/11 4:28 PM

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 1565 CAS  (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Tacori Enterprises

| CASE NUMBER

PLAINTIFF(S)

CV11 01565 CAS(AGRx)

v.

Scott Kay, Inc.

**SUMMONS**

DEFENDANT(S).

TO:   DEFENDANT(S): Scott Kay, Inc.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Howard A. Kroll , whose address is Christie, Parker & Hale, 350 W. Colorado Blvd, Ste 500, Pasadena, CA 91105 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ FEB 2 2 2011

By: _____

CHRISTOPHER POWERS

Deputy Clerk

*(Seal of the Court)*   1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| Tacori Enterprises | Scott Kay, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Howard A. Kroll, CA Bar No. 100981<br>howard.kroll@cph.com<br>Christie, Parker & Hale, LLP<br>350 W. Colorado Blvd., Suite 500<br>Pasadena, CA  91105<br>Phone: 626-795-9900; Fax: 626-577-8800 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright infringement and trade dress infringement pursuant to 15 U.S.C. Section 1121, 17 U.S.C. Section 501 and 28 U.S.C. Sections 1331 and 1338(a).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11 01565

FOR OFFICE USE ONLY: Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

VIII(a).   **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

VIII(b).   **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [ ] No  [X] Yes

If yes, list case number(s):   <u>See Attachment A.</u>

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[X]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[X]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date <u>February 18, 2011</u>

Howard A. Kroll

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## <u>Attachment to Civil Cover Sheet</u>

<u>Related Case Numbers</u>

- CV-04-5382 TJH (VBKx)

- CV-04-1541 DSF (VBKx)

- CV-04-1432 DSF (VBKx)

- CV-05-6503 GAF (RCx)

- CV-06-0762 GAF (RCx)

- CV-06-5170 GAF (RCx)

- CV-06-0765 GAF (RCx)

- CV-07-3939 GAF (RCx)

- CV 08-0552 DSF (VBKx)

- CV 09-5057 DSF (VBKx)

- CV 10 5420 DSF (MANx)

- SA CV 10-1195 DSF (VBKx)